MARKOWITZ & RICHMAN
R. Matthew Pettigrew, Jr.
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
215-875-3132

Attorneys for Plaintiffs

_____

| | |
|---|---|
| TEAMSTERS UNION LOCAL NO. 35 HEALTH ANDWELFARE FUND 620 U.S. Route 130 Trenton, New Jersey, 08691, | : UNITED STATES DISTRICT COURT : : DISTRICT OF NEW JERSEY : |
| and | : : |
| TEAMSTERS UNION LOCAL NO. 35 620 U.S. Route 130 Trenton, New Jersey, 08691 | : CIVIL ACTION : : NO. |
| Plaintiffs | : : |
| v. | : : |
| MANAHAWKIN CONVALESCENT CENTER 1211 Route 72 West Manahawkin, New Jersey, 08050 and One University Plaza - Suite 206 Hackensack, New Jersey, 07601 | : : : : : : : |
| and | : : |
| MICHAEL KONIG One University Plaza - Suite 206 Hackensack, New Jersey, 07601 and 181 Beach 135th Street Belle Harbor, New York, 11694 | : : : : : : : |
| Defendants | : COMPLAINT |

_____

1

The plaintiffs, Teamsters Union Local No. 35 Health and Welfare Fund and Teamsters Union Local No. 35, by and through their attorney, R. Matthew Pettigrew, Jr., of Markowitz & Richman, hereby file this complaint, and with regard to the defendants, Manahawkin Convalescent Center and Michael Konig, respectfully allege:

## JURISDICTION AND VENUE

1. This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, to collect unpaid fringe benefit contributions.

2. This Court has jurisdiction over this matter pursuant to Sections 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), Section 301 of the LMRA, and 28 U.S.C. § 1331.

3. Venue is proper pursuant to Section § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

## PARTIES

4. The plaintiff, Teamsters Union Local No. 35 Health and Welfare Fund ("Fund"), is a multi-employer benefit fund within the meaning of Section 302 of the LMRA, 29 U.S.C. § 186, and Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37). The Fund receives and administers contributions from various employers who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with Teamsters Union Local No. 35. The Fund's offices are located at 620 U.S. Route 130, Trenton, New Jersey, 08691.

5. The plaintiff, Teamsters Union Local No. 35 ("Union"), is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5). The Union's offices are located at 620 U.S. Route 130, Trenton, New Jersey, 08691.

6. The defendant, Manahawkin Convalescent Center ("Manahawkin"), is a New Jersey business organization with a places of business located at 1211 Route 72 West, Manahawkin, New Jersey, 08050, and at One University Plaza - Suite 206, Hackensack, New Jersey, 07601. Manahawkin is engaged in an industry affecting commerce within the meaning of Sections 101 and 301 of the LMRA, 29 U.S.C. §§ 152 and 185.

7. The defendant, Michael Konig ("Konig"), is an individual with a residence located at 181 Beach 135th Street, Belle Harbor, New York, 11694, and with a place of business located at One University Plaza - Suite 206, Hackensack, New Jersey, 07601. Konig is an owner and officer of Manahawkin, and is a fiduciary as that term is used in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

## COUNT ONE

## BREACH OF CONTRACT

8. Manahawkin is a signatory to a collective bargaining agreement ("Agreement") with the Union and, as such, is bound by the terms of the Agreement.

9. Article 29 of the Agreement requires Manahawkin to make monthly contributions to the Fund for each employee who was employed by Manahawkin in that month.

10. Section 29.01 of the Agreement requires Manahawkin to make monthly contributions to the Fund, in an amount set forth in Section 29.07 of the Agreement, for each employee who was employed by Manahawkin in that month.

11. Section 29.06 of the Agreement provides that all rate increases imposed by New Jersey Blue Cross and Blue Shield are to be added automatically to Manahawkin's monthly contribution rates.

12. Effective January 1, 2005, the monthly rate that Manahawkin is required to pay for a single employee is $543.61, an increase of $49.36 over the previous monthly rate.

13. Effective January 1, 2005, the monthly rate that Manahawkin is required to pay for a parent and children is $681.78, an increase of $67.00 over the previous monthly rate.

14. Section 29.04 of the Agreement requires Manahawkin to make its contributions to the Fund by no later than the fifteenth day of each month.

15. Since the beginning of 2005, despite having received written notice of the rates referred to above, Manahawkin has refused to pay the full amounts owed.

16. For the month of January 2005, Manahawkin has failed to pay the amount of $447.80 to the Fund.

17. For the month of February 2005, Manahawkin has failed to pay the amount of $447.80 to the Fund.

18. For the month of March 2005, Manahawkin has failed to pay the amount of $447.80 to the Fund.

19. For the month of April, 2005, Manahawkin has failed to pay the amount of $447.80 to the Fund.

20. For the month of May 2005, Manahawkin has failed to pay the amount of $447.80 to the Fund.

21. For the month of June, 2005, Manahawkin has failed to pay the amount of $447.80 to

the Fund.

22. As of the date of the filing of this Complaint, Manahawkin has failed to pay the total amount of $2,686.80 to the Fund for calendar year 2005.

## COUNT TWO

### VIOLATION OF ERISA

23. Paragraphs 1 through 22 of this Complaint are re-alleged as if fully set forth herein.

24. Section 515 of ERISA, 29 U.S.C. § 1145, requires that every employer, who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement, shall do so in accordance with such plan or agreement.

25. Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), provides that the Court, in any action instituted for or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions; (b) interest on the unpaid contributions; (c) an amount equal to the greater of (I) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court under subparagraph (a); (d) reasonable attorney's fees and costs of the action; and (e) such other legal or equitable relief as the court deems appropriate.

26. The failure of Manahawkin to pay the full amount owed in contributions to the Fund for the months of January through June 2005, in the total amount of $2,686.80 constitutes a breach of the Agreement and a violation of ERISA.

COUNT THREE

BREACH OF FIDUCIARY DUTY

27. Paragraphs 1 through 26 of this Complaint are re-alleged as if fully set forth herein.

28. Konig exercises authority and control respecting the management and disposition of assets of the Fund and, therefore, is a fiduciary as that term is used in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

29. As a fiduciary, Konig is obligated to comply with the Agreement and with ERISA by ensuring that contributions to the Fund are made in the correct amount.

30. Konig's failure to ensure that contributions to the Fund are made in the correct amount, including any increases that are imposed by New Jersey Blue Cross and Blue Shield, is a breach of his duty as a fiduciary.

WHEREFORE, Plaintiffs pray that this Honorable Court grant the following relief:

(a) an Order directing Manahawkin and Konig to provide the Fund's auditors with access to their books and records for the purpose of determining the accuracy of its contributions and the total amount of any additional contributions that are determined to be owed;

(b) that judgment be entered in favor of the Plaintiffs and against Manahawkin and Konig in the amount of $2,686.80, plus the amount of any unpaid and underpaid contributions that arise subsequent to the commencement of this lawsuit or that are determined by audit to be owed, plus interest on all unpaid and underpaid contributions, plus liquidated damages, attorneys' fees, and litigation costs as provided by ERISA;

(c) an Order directing Manahawkin and Konig to make future contributions in a timely fashion and in accordance with the Agreement and ERISA; and

(d) such other legal and equitable relief this court deems just and proper and/or to which Plaintiffs are otherwise entitled.

                                                                                                                   Respectfully submitted,

                                                                                                                    MARKOWITZ & RICHMAN

| June 28, 2005 | /s/  R. Matthew Pettigrew, Jr. |
|---|---|
| Date | R. Matthew Pettigrew, Jr. |
| | 1100 North American Building |
| | 121 South Broad Street |
| | Philadelphia, PA  19107 |
| | 215-875-3132 |
| | Attorneys for Plaintiffs |